# United States District Court
## for the Northern District of Oklahoma

Case No. 25-cr-56-JDR

UNITED STATES OF AMERICA,

*Plaintiff,*

*versus*

JEREMIAH JACOB DRAKE,

*Defendant.*

## OPINION AND ORDER

Defendant Jeremiah Jacob Drake pleaded guilty to two counts in the indictment: count two for receiving and distributing child pornography, and count three for possessing child pornography. Dkt. 37 at 2; Dkt. 2 at 3-4.[1] He now moves to dismiss either count as multiplicitous. Dkt. 69 at 1. The Court agrees that the counts are duplicative under *United States v. Benoit*, 713 F.3d 1 (10th Cir. 2013), and dismisses count three as a lesser included offense of count two.

The Government argues that, properly understood, Mr. Drake is charged with distributing child pornography, an offense that does not require possession. Dkt. 71 at 3. For that proposition, the Government cites two out-of-circuit cases, *United States v. McElmurry*, 776 F.3d 1061, 1062-65 (9th Cir. 2015) and *United States v. Chiaradio*, 684 F.3d 265, 280 (1st Cir. 2012), each

---

[1] All citations use CM/ECF pagination. Count one of the indictment has been previously dismissed. Dkt. 60.

of which held that possession of child pornography is not a lesser-included offense of distribution thereof.

The indictment does not charge Mr. Drake with distribution as a standalone offense. It alleges he "knowingly received and distributed" the child pornography in question. Dkt. 2 at 3. And neither opinion in *McElmurry* nor *Chiaradio* indicates that the defendants in those cases were charged with receipt of child pornography, only of possession and distribution. Although it may be the case that possession is not multiplicitous of distribution, Mr. Drake is charged with a single count of receipt and distribution. *Id.* Receipt and distribution, although violations of the same statute, are distinct crimes. *United States v. Dunn*, 777 F.3d 1171, 1176 (10th Cir. 2015) (analyzing distribution and receipt claims separately for purposes of determining multiplicity, and finding that, per *Benoit*, possession is a lesser included offense of receipt).

A single count which contains two crimes is duplicitous. *United States v. Trammell*, 133 F.3d 1343, 1354 (10th Cir. 1998). But as this case did not go to trial, the Court is less concerned with the format of how the indictment reads than what it means for Mr. Drake's sentencing. Mr. Drake's plea of guilty means he has admitted to all the elements of the formal criminal charge for both receipt and distribution of child pornography; even if the indictment, as written, was duplicitous, Mr. Drake still pleaded guilty to both parts of the indictment. *See Booker v. United States*, No. 3:11-cr-258-002, 2014 WL 7339186, at *7 (W.D.N.C. Dec. 23, 2014) (finding that a plea of guilty to a duplicitous count was a plea of guilty to all crimes charged in the count).

Mr. Drake was charged with, and pleaded guilty to, both receipt and possession of child pornography. Dkt. 37 at 2. That he also pleaded guilty to distribution of child pornography does not mean that Mr. Drake's possession charge could not be a lesser included offense of his receipt charge.

The possession charge would not be a lesser included offense of receipt if the two charges derived from different visual depictions of child

No. 25-cr-56

pornography. *Benoit*, 713 F.3d at 17. In *Benoit*, the Tenth Circuit held that a jury trial conviction for similar charges of both possession and receipt were duplicative because (1) the indictment in that case did not sufficiently clarify the underlying acts involved in each of the two charges, and used "identical language" to describe the illegal actions, (2) the prosecution and defense stated during closing arguments that the two charges were "based on identical conduct," (3) "the jury was not instructed that the two counts referred to distinct visual depictions" and (4) "nothing in the manner the evidence was presented at trial . . . would suggest to the jury that the two counts related to distinct images." *Id.*

The latter three factors analyzed by the Tenth Circuit in *Benoit* are not relevant to this case. Mr. Drake pleaded guilty, and there was not a jury trial. Dkt. 37. So only the indictment remains. Much as in *Benoit*, the indictment in this case uses identical language, does not specify the underlying acts, and does not provide the Court with any context to separate what conduct is solely possession from what conduct constituted receipt and distribution. *Compare* Dkt. 2 at 3 ("[t]he [D]efendant . . . knowingly received and distributed any visual depiction using any means and facility of interstate and foreign commerce") *with* Dkt. 2 at 4 ("[t]he [D]efendant . . . knowingly possessed any visual depiction using any means and facility of interstate and foreign commerce").

The Government seeks to cure this issue by pointing to alleged evidence showing Mr. Drake had images of child pornography on his phone and distributed separate images through an online account.[2] Dkt. 71 at 4-5; Dkt. 71-1. But this evidence does not foreclose the possibility that Mr. Drake did

_____

[2] Separately, the Government argues that possession and receipt and distribution represent different sets of harms to the victims and directs the Court's attention to further out-of-circuit opinions. Dkt. 71 at 5. Whatever the merits of this argument, *Benoit* expressly states that possession is a lesser included offense of receipt, and the Court may not overrule Tenth Circuit precedent. *Benoit*, 713 F.3d at 16

No. 25-cr-56

in fact distribute those images—without a trial and the opportunity for a fulsome presentation of evidence and Mr. Drake's ability to rebut the Government's allegations, the Court does not believe this document alone supports diverting from the Tenth Circuit's holding in *Benoit*.

Mr. Drake has been charged with receipt and distribution of child pornography and the lesser included offense of possession of child pornography. The indictment does not distinguish what, if any, possession Mr. Drake was charged for outside of the receipt and distribution. The Court therefore grants Mr. Drake's motion to dismiss the lesser included offense charged in count three. Dkt. 69.

DATED this 3rd day of June 2026.

JOHN D. RUSSELL
*United States District Judge*